Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|

**AUGUST 2021**   **002475**

E-Filing Number: 2108053011

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| RENATO MANNINO | CITY OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1632 ARABIAN LANE<br>PALM HARBOR FL 34685 | ONE PARKWAY 1515 ARCH STREET 15TH FLOOR<br>PHILADELPHIA PA 19101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LISA MANNINO | AMERICAN AIRLINES GROUP, INC., ALIAS: AMERICAN<br>AIRLINES, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1632 ARABIAN LANE<br>PALM HARBOR FL 34685 | PO BOX 619616<br>DFW AIRPORT TX 75261-9696 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JBT CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 70 WEST MADISON SUITE 4400<br>CHICAGO IL 60602 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | |
|---|---|---|---|
| 2 | 3 | [X] Complaint<br>[ ] Writ of Summons | [ ] Petition Action     [ ] Notice of Appeal<br>[ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce         [ ] Settlement<br>[ ] Minor Court Appeal   [ ] Minors<br>[ ] Statutory Appeals   [ ] W/D/Survival |

**CASE TYPE AND CODE**

2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>AUG **27** 2021<br>S. RICE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RENATO MANNINO , LISA MANNINO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DENNIS M. ABRAMS | 555 CITY LINE AVENUE, STE. 500<br>BALA CYNWYD PA 19004 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)667-7511 | (610)667-3440 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 40184 | dennis@lowenthalabrams.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| DENNIS ABRAMS | Friday, August 27, 2021, 11:57 am |

LOWENTHAL & ABRAMS, P.C.
By:   Dennis M. Abrams, Esquire
Identification No. 40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania 19004
(610) 667-7511

Filed and Attested by the
Office of Judicial Records
27 AUG 2021 11:57 am
...RICE...

Attorneys for Plaintiff

| | |
|---|---|
| RENATO MANNINO and<br>LISA MANNINO, h/w<br>1632 Arabian Lane<br>Palm Harbor, FL 34685 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ Term |
| v | No. |
| CITY OF PHILADELPHIA<br>One Parkway<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19102<br>   and<br>AMERICAN AIRLINES GROUP, INC.<br>d/b/a American Airlines, Inc.<br>PO Box 619616<br>DFW Airport, TX 75261-9696<br>   and<br>JBT CORPORATION<br>70 West Madison<br>Suite 4400<br>Chicago, IL 60602 | MAJOR JURY |

## NOTICE

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

        LAWYER REFERENCE SERVICE
        One Reading Center
        1101 Market Street
        Philadelphia, Pennsylvania 19107
        (215) 238-6333

### "AVISO"

"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

        SERVICIO DE REFERENCIA LEGAL
        One Reading Center
        1101 Market Street
        Filadelfia, Pennsylvania 19107
        Teléfono (215) 238-6333

Case ID: 210802475

LOWENTHAL & ABRAMS, P.C.
By:     Dennis M. Abrams, Esquire
Identification No.  40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania   19004
(610) 667-7511

Attorneys for Plaintiff

| | |
|---|---|
| RENATO MANNINO and<br>LISA MANNINO, h/w<br>1632 Arabian Lane<br>Palm Harbor, FL  34685<br><br>    v<br><br>CITY OF PHILADELPHIA<br>One Parkway<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA  19102<br>   and<br>AMERICAN AIRLINES GROUP, INC.<br>d/b/a American Airlines, Inc.<br>PO Box 619616<br>DFW Airport, TX  75261-9696<br>   and<br>JBT CORPORATION<br>70 West Madison<br>Suite 4400<br>Chicago, IL  60602 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ Term<br><br>No.<br><br>MAJOR JURY |

## COMPLAINT

1.      Plaintiffs Renato Mannino and Lisa Mannino are adult individuals who, at all

times relevant hereto, resided as husband and wife at the above stated address.

2.      Defendant City of Philadelphia is a Pennsylvania municipal corporation which, at

all times relevant herein, is and was responsible for the care, custody, control, possession, design,

construction, inspection, repair and/or maintenance of the Philadelphia International Airport,

including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and

all appurtenances thereto, including the premises where Plaintiff Renato Mannino suffered serious and debilitating injuries as more fully set forth hereinafter at length.

3.      Defendant American Airlines is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Texas, it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, specifically operating multiple terminals, a national hub along with multiple gates, jetways, boarding areas allowing planes to land, de-plane passengers and boards passengers at Philadelphia International Airport, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

4.      Defendant JBT Corporation is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Illinois, with its principle address at the above-stated address and it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, where, on behalf of Defendant City of Philadelphia and Defendant American Airlines it specifically is responsible for inspecting, maintaining, operating and repairing the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

5.      At all times relevant herein, it is believed, and therefore averred, that the Defendants Philadelphia International Airlines, American Airlines and JBT Corporation were responsible for the care, custody, control, possession, design, construction, repair and/or maintenance of the premises at the Philadelphia International Airport, specifically, including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all

2

appurtenances thereto including the premises where the Plaintiff suffered serious debilitating injuries as more fully set forth hereinafter at length.

6.     At all times relevant herein, the Defendants herein acted by and through their agents, workers, employees, contractors and/or other representatives.

7.     On or about February 26, 2020, the Plaintiff was legally and within his own rights a business invitee upon the property of the Defendants at the Philadelphia International Airport, specifically de-planing through a boarding bridge, jetway, gate boarding/de-boarding fixture and/or structure.

8.     On or about February 26, 2020, as the Plaintiff was lawfully upon the premises at the Philadelphia International Airport as described above, he was caused to slip, trip and fall while de-planing due to a dangerous and hazardous condition, a height difference between the door of the plane and the elevation of the jetway due to the negligent operation, inspection, maintenance and repair of the jetway at Gate C23 as he was exiting American Airlines flight AA1664 at Gate C23 at the Philadelphia International Airport, which condition was allowed to exist and remain for some time by Defendants, thereby causing him to sustain serious, debilitating and permanent injuries as more fully set forth at length hereinafter.

9.     At the time and place aforesaid, and for some period of time prior thereto, the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the dangerous and defective conditions of and about the aforesaid boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, yet, nonetheless, carelessly, negligently and/or recklessly allowed and permitted said dangerous and defective conditions to exist and remain upon said premises all to the great harm and detriment of Plaintiff.

3

10.     It is believed and therefore averred the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the aforesaid dangerous and defective conditions yet failed to properly inspect, maintain, repair, remove, redesign, construct, secure, warn, safeguard and/or protect against such dangerous and hazardous conditions in the jetway up to the door of the aircraft which caused the accident as hereinbefore alleged.

11.     Plaintiff Renato Mannino did not cause or contribute to his injuries.

**COUNT I**
**PLAINTIFF RENATO MANNINO V DEFENDANT CITY OF PHILADELPHIA**

12.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 11 above as though fully set forth at length herein.

13.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant City of Philadelphia, jointly and/or severally and/or in the alternative individually with the other Defendants, by and through their agents, servants, workers and/or employees including, but not limited to, the following:

    a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

    b.     Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

    c.     Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

    d.     Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding

4

fixtures and equipment and all appurtenances thereto existing on the premises;

e.    Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.    Failing to give Plaintiff the proper and adequate protection to which he was entitled as a business invitee;

g.    Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

h.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i.    Failing to properly and timely inspect said premises;

j.    Failing to properly maintain the premises in a safe condition;

k.    Failing to properly repair known dangerous conditions of the property;

l.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.    Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.    Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.    Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not

Case ID: 210802475

undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.   Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

14.   As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

15.   As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including, but not limited to, injury to his lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life as well as other and various injuries, some or all of which injuries may be permanent in nature.

16.   By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to his nerves and nervous system, together with internal injuries of an unknown nature, as well as other injuries, the full extent of which are as yet unknown.

17.   By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to his usual duties, occupation and/or avocations, all to his great loss and detriment.

6

18.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including, but not limited to, a severe loss of earnings and/or impairment of earning capacity.

19.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

20.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which he may be otherwise unable to afford.

21.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant City of Philadelphia, jointly, severally or in the alternative with Defendants American Airlines Group, Inc. d/b/a American Airlines and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT II
## PLAINTIFF RENATO MANNINO V AMERICAN AIRLINES GROUP, INC.

22.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 21 above as though fully set forth at length herein.

7

23.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant American Airlines Group, Inc., jointly and/or severally and/or in the alternative individually with the other Defendants, by and through their agents, servants, workers and/or employees including, but not limited to, the following:

a.    Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

b.    Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

c.    Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

d.    Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

e.    Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.    Failing to give Plaintiff the proper and adequate protection to which he was entitled as a business invitee;

g.    Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

h.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i.    Failing to properly and timely inspect said premises;

j.    Failing to properly maintain the premises in a safe condition;

k.    Failing to properly repair known dangerous conditions of the property;

8

Case ID: 210802475

l.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.    Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.    Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.    Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.    Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

24.    As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

25.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including, but not limited to, injury to his lower extremities, back,

Case ID: 210802475

gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life as well as other and various injuries, some or all of which injuries may be permanent in nature.

26.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to his nerves and nervous system, together with internal injuries of an unknown nature, as well as other injuries, the full extent of which are as yet unknown.

27.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to his usual duties, occupation and/or avocations, all to his great loss and detriment.

28.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including, but not limited to, a severe loss of earnings and/or impairment of earning capacity.

29.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

30.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which he may be otherwise unable to afford.

Case ID: 210802475

31.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant American Airlines Group, Inc. d/b/a American Airlines, jointly, severally or in the alternative with Defendants City of Philadelphia and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

**COUNT III**
**PLAINTIFF RENATO MANNINO V JBT CORPORATION**

32.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 31 above as though fully set forth at length herein.

33.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant JBT Corporation, jointly and/or severally and/or in the alternative individually with the other Defendants, by and through their agents, servants, workers and/or employees including, but not limited to, the following:

    a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

    b.     Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

    c.     Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

    d.     Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding

11

fixtures and equipment and all appurtenances thereto existing on the premises;

e.    Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.    Failing to give Plaintiff the proper and adequate protection to which he was entitled as a business invitee;

g.    Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

h.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i.    Failing to properly and timely inspect said premises;

j.    Failing to properly maintain the premises in a safe condition;

k.    Failing to properly repair known dangerous conditions of the property;

l.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.    Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.    Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.    Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not

Case ID: 210802475

undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.   Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

34.    As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

35.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including, but not limited to, injury to his lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life as well as other and various injuries, some or all of which injuries may be permanent in nature.

36.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to his nerves and nervous system, together with internal injuries of an unknown nature, as well as other injuries, the full extent of which are as yet unknown.

37.    By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to his usual duties, occupation and/or avocations, all to his great loss and detriment.

Case ID: 210802475

38.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including, but not limited to, a severe loss of earnings and/or impairment of earning capacity.

39.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

40.     By reason of the aforesaid negligence, carelessness and/or recklessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which he may be otherwise unable to afford.

41.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant JBT Corporation, jointly, severally or in the alternative with Defendants City of Philadelphia and American Airlines Group, Inc. d/b/a American Airlines in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

**COUNT IV**
**PLAINTIFF LISA MANNINO V DEFENDANTS**

42.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 41 above as though fully set forth at length herein.

14

43.     As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff Lisa Mannino suffered and will continue to suffer the loss of consortium, companionship and society of her husband.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendants City of Philadelphia, American Airlines Group, Inc. d/b/a American Airlines and JBT Corporation, jointly and/or severally and in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

Respectfully submitted,

LOWENTHAL & ABRAMS, P.C.

BY:    s/ *Dennis M Abrams*
       DENNIS M. ABRAMS, ESQUIRE

15

## **VERIFICATION**

I, RENATO MANNINO, hereby verify that I am a plaintiff in the within civil action, and that the facts set forth in the foregoing Complaint are true and accurate to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.


_____
RENATO MANNINO

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**
By:     John E. Salmon, Esq. (Attorney ID #30149)
        Zachary J. Ballard, Esq. (Attorney ID #206177)
        Kyle R. Brady, Esq. (Attorney ID #329076)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
jsalmon@srstlaw.com
zballard@srstlaw.com
kbrady@srstlaw.com



Attorneys for Defendant,
John Bean Technologies Corporation

| | |
|---|---|
| RENATO MANNINO and LISA MANNINO, h/w, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | AUGUST TERM 2021 |
| v. | CIVIL ACTION NO. 02475 |
| CITY OF PHILADELPHIA, *et. al.*, | |
| Defendants. | |

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED** by and between Dennis M. Abrams, counsel for Plaintiffs, Renato Mannino and Lisa Mannino, and Zachary J. Ballard, counsel for Defendant, John Bean Technologies Corporation (improperly identified in Plaintiffs' Complaint as "JBT Corporation"), that all allegations of recklessness and reckless actions, conduct, and behavior against Defendant, John Bean Technologies Corporation, including but not limited to those contained in paragraphs and subparagraphs 9, 36, 37, 38, 39, 40 of Plaintiffs' Complaint and any corresponding claims for punitive damages by Plaintiffs are hereby withdrawn and dismissed without prejudice from this case.

**[SIGNATURE PAGE TO FOLLOW]**

**LOWENTHAL & ABRAMS, P.C.**                    **SALMON RICCHEZZA SINGER & TURCHI** LLP

     */s/ Dennis M. Abrams*                         */s/ Zachary J. Ballard*

By: _____                    By: _____
     Dennis M. Abrams, Esquire                         Zachary J. Ballard, Esquire
     *Attorney for Plaintiffs,*                         *Attorney for Defendant,*
     *Renato Mannino and*                         *John Bean Technologies Corporation*
     *Lisa Mannino*

Dated: <u>September 20, 2021</u>

Case ID: 210802475
Control No.: 21094330

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:     John E. Salmon, Esq. (Attorney ID #30149)
        Zachary J. Ballard, Esq. (Attorney ID #206177)
        Kyle R. Brady, Esq. (Attorney ID #329076)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
jsalmon@srstlaw.com
zballard@srstlaw.com
kbrady@srstlaw.com



Attorneys for Defendant
John Bean Technologies Corporation

RECEIVED

SEP 2 7 2021

C. FORTE

---

| | |
|---|---|
| RENATO MANNINO and<br>LISA MANNINO, h/w,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA, *et. al.*,<br><br>Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL TRIAL DIVISION<br><br>AUGUST TERM 2021<br><br>CIVIL ACTION NO. 02475 |

---

## <u>STIPULATION OF DISMISSAL WITHOUT PREJUDICE</u>

**IT IS HEREBY STIPULATED AND AGREED** by and between Dennis M. Abrams,

counsel for Plaintiffs, Renato Mannino and Lisa Mannino, and Zachary J. Ballard, counsel for

Defendant, John Bean Technologies Corporation (improperly identified in Plaintiffs' Complaint

as "JBT Corporation"), that all allegations of recklessness and reckless actions, conduct, and

behavior against Defendant, John Bean Technologies Corporation, including but not limited to

those contained in paragraphs and subparagraphs 9, 36, 37, 38, 39, 40 of Plaintiffs' Complaint

and any corresponding claims for punitive damages by Plaintiffs are hereby withdrawn and

dismissed without prejudice from this case.

210802475-Mannino Etal Vs City Of Philadelphia Etal

**[SIGNATURE PAGE TO FOLLOW]**


21080247500019

Case ID: 210802475
Control No.: 21094330

**LOWENTHAL & ABRAMS, P.C.**

/s/ *Dennis M. Abrams*

By: _____
     Dennis M. Abrams, Esquire
     *Attorney for Plaintiffs,*
     *Renato Mannino and*
     *Lisa Mannino*


Dated: September 20, 2021

**SALMON RICCHEZZA SINGER & TURCHI LLP**

/s/ *Zachary J. Ballard*

By: _____
     Zachary J. Ballard, Esquire
     *Attorney for Defendant,*
     *John Bean Technologies Corporation*

NATHAN R. BOHLANDER
Attorney I.D. No:. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
(215) 600-1234
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.")*

Filed and Attested by the
Office of Judicial Records
27 SEP 2021 12:38 pm
M. RUSSO

| | | |
|---|---|---|
| **RENATO MANNINO and LISA MANNINO, h/w** | : | **IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **AUGUST TERM, 2021** |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO.:  02475** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES GROUP, INC. d/b/a AMERICAN AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **JBT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## STIPULATION TO STRIKE PUNITIVE DAMAGES

It is **HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel

for the parties herein, that the term "recklessly" in Paragraph 9, as well as the term "recklessness"

in Paragraphs 26 through 30, inclusive, of Plaintiffs, Renato and Lisa Mannino's Complaint is

**STRICKEN** from the Complaint as alleged against Defendant, American Airlines, Inc.

(incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc") only.

Plaintiffs, Renato and Lisa Mannino do not allege punitive damages against Defendant, American

Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc")

**LOWENTHAL & ABRAMS, P.C.**

_____
Dennis M. Abrams, Esquire
555 City Line Avenue
Suite 500
Bala Cynwyd, PA 19004
_Counsel for Plaintiffs,_
_Renato and Lisa Mannino_

**MORGAN & AKINS, PLLC**

_____
Nathan R. Bohlander, Esquire
30 S. 15th Street
Suite 701
Philadelphia, PA 19102
_Counsel for Defendant, American_
_Airlines, Inc. (incorrectly designated as_
_"American   Airlines   Group,   Inc.   d/b/a_
_American Airlines Inc."_

Date: ___9/27/21___

Date: ___9/27/21___

_____,
J.

Case ID: 210802475

NATHAN R. BOHLANDER
Attorney I.D. No:. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
(215) 600-1234
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.")*

Filed and Attested by the
Office of Judicial Records
27 SEP 2021 12:39 pm
A. STAMATO

| | | |
|---|---|---|
| **RENATO MANNINO and**<br>**LISA MANNINO, h/w** | : | **IN THE COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **AUGUST TERM, 2021** |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO.: 02475** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES GROUP, INC.**<br>**d/b/a AMERICAN AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **JBT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## STIPULATION TO CORRECT CAPTION

It is **HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties herein, that the case caption reflect that "Defendant, American Airlines Group, Inc. d/b/a American Airlines, Inc." is changed to "Defendant, American Airlines, Inc."

**LOWENTHAL & ABRAMS, P.C.**

_____

Dennis M. Abrams, Esquire
555 City Line Avenue
Suite 500
Bala Cynwyd, PA 19004
*Counsel for Plaintiffs,*
*Renato and Lisa Mannino*

**MORGAN & AKINS, PLLC**

_____

Nathan R. Bohlander, Esquire
30 S. 15th Street
Suite 701
Philadelphia, PA 19102
*Counsel for Defendant, American*
*Airlines, Inc. (incorrectly designated as*
*"American   Airlines   Group,   Inc.   d/b/a*
*American Airlines Inc."*

Date: __9/27/21__

Date: ____9/27/21____

_____,
J.

Case ID: 210802475

NATHAN R. BOHLANDER
Attorney I.D. No:. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
(215) 600-1234
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.")*

Filed and Attested by the
Office of Judicial Records
29 SEP 2021 10:00 am
A. STAMATO

| | |
|---|---|
| **RENATO MANNINO and LISA MANNINO, h/w** | : **IN THE COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| | : |
| **Plaintiffs,** | : |
| | : **AUGUST TERM, 2021** |
| **vs.** | : |
| | : |
| **CITY OF PHILADELPHIA** | : **NO.: 02475** |
| | : |
| **AND** | : |
| | : |
| **AMERICAN AIRLINES GROUP, INC. d/b/a AMERICAN AIRLINES, INC.** | : |
| | : |
| **AND** | : |
| | : |
| **JBT CORPORATION** | : |
| | : |
| **Defendants.** | : |
| | : |
| | : |

## STIPULATION TO STRIKE PUNITIVE DAMAGES

It is **HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel

for the parties herein, that the phrase "including, but not limited to" in Paragraph 23 of Plaintiffs,

Renato and Lisa Mannino's Complaint is **STRICKEN** from the Complaint as alleged in Count II

against Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group,

Inc. d/b/a American Airlines, Inc").

1

**LOWENTHAL & ABRAMS, P.C.**

_____
Dennis M. Abrams, Esquire
555 City Line Avenue
Suite 500
Bala Cynwyd, PA 19004
*Counsel for Plaintiffs,*
*Renato and Lisa Mannino*


**MORGAN & AKINS, PLLC**

_____
Nathan R. Bohlander, Esquire
30 S. 15th Street
Suite 701
Philadelphia, PA 19102
*Counsel for Defendant, American*
*Airlines, Inc. (incorrectly designated as*
*"American   Airlines   Group,   Inc.   d/b/a*
*American Airlines Inc."*


Date:  9/28/21

Date:   9/29/21


_____,
J.

2

**LOWENTHAL & ABRAMS, P.C.**
By:     Dennis M. Abrams, Esquire
Identification No.  40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania   19004
(610) 667-7511



Filed and Attested by the
Office of Judicial Records
08 OCT 2021 02:18 pm
A. STAMATO

Attorneys for Plaintiff

| | |
|---|---|
| RENATO MANNINO and | COURT OF COMMON PLEAS |
| LISA MANNINO, h/w | PHILADELPHIA COUNTY |
| 1632 Arabian Lane | |
| Palm Harbor, FL  34685 | AUGUST TERM, 2021 |
| | |
| v. | No. 02475 |
| | |
| CITY OF PHILADELPHIA | |
| One Parkway | |
| 1515 Arch Street, 15th Floor | MAJOR JURY |
| Philadelphia, PA  19102 | |
|    and | |
| AMERICAN AIRLINES, INC. | |
| PO Box 619616 | |
| DFW Airport, TX  75261-9696 | |
|    and | |
| JBT CORPORATION | |
| 70 West Madison | |
| Suite 4400 | |
| Chicago, IL  60602 | |

**NOTICE**

| **"NOTICE"** | **"AVISO"** |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property of other rights important to you. | Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO |
| LAWYER REFERENCE SERVICE<br>One Reading Center<br>1101 Market Street<br>Philadelphia, Pennsylvania  19107<br>(215) 238-6333 | SERVICIO DE REFERENCIA LEGAL<br>One Reading Center<br>1101 Market Street<br>Filadelfia, Pennsylvania  19107<br>Teléfono (215) 238-6333 |

**LOWENTHAL & ABRAMS, P.C.**
By:      Dennis M. Abrams, Esquire
Identification No.  40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania   19004
(610) 667-7511                                                          Attorneys for Plaintiffs

| | | |
|---|---|---|
| RENATO MANNINO and | : | COURT OF COMMON PLEAS |
| LISA MANNINO, h/w | : | PHILADELPHIA COUNTY |
| 1632 Arabian Lane | : | |
| Palm Harbor, FL  34685 | : | AUGUST TERM, 2021 |
| | : | |
| v | : | No. 02475 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| One Parkway | : | MAJOR JURY |
| 1515 Arch Street, 15th Floor | : | |
| Philadelphia, PA  19102 | : | |
|    and | : | |
| AMERICAN AIRLINES, INC. | : | |
| PO Box 619616 | : | |
| DFW Airport, TX  75261-9696 | : | |
|    and | : | |
| JBT CORPORATION | : | |
| 70 West Madison | : | |
| Suite 4400 | : | |
| Chicago, IL  60602 | : | |
| | : | |
| | : | |

## FIRST AMENDED COMPLAINT

1.      Plaintiffs Renato Mannino and Lisa Mannino are adult individuals who, at all

times relevant hereto, resided as husband and wife at the above stated address.

2.      Defendant City of Philadelphia is a Pennsylvania municipal corporation which, at

all times relevant herein, is and was responsible for the care, custody, control, possession, design,

construction, inspection, repair and/or maintenance of the Philadelphia International Airport,

including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and

Case ID: 210802475

all appurtenances thereto, including the premises where Plaintiff Renato Mannino suffered serious and debilitating injuries as more fully set forth hereinafter at length.

3.      Defendant American Airlines is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Texas, it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, specifically operating multiple terminals, a national hub along with multiple gates, jetways, boarding areas allowing planes to land, de-plane passengers and boards passengers at Philadelphia International Airport, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

4.      Defendant JBT Corporation is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Illinois, with its principle address at the above-stated address and it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, where, on behalf of Defendant City of Philadelphia and Defendant American Airlines it specifically is responsible for inspecting, maintaining, operating and repairing the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

5.      At all times relevant herein, it is believed, and therefore averred, that the Defendants City of Philadelphia, American Airlines and JBT Corporation were responsible for the care, custody, control, possession, design, construction, repair and/or maintenance of the premises at the Philadelphia International Airport, specifically, including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto

2

including the premises where the Plaintiff suffered serious debilitating injuries as more fully set forth hereinafter at length.

6.     At all times relevant herein, the Defendants herein acted by and through their agents, workers, employees, contractors and/or other representatives.

7.     On or about February 26, 2020, the Plaintiff was legally and within his own rights a business invitee upon the property of the Defendants at the Philadelphia International Airport, specifically de-planing through a boarding bridge, jetway, gate boarding/de-boarding fixture and/or structure.

8.     On or about February 26, 2020, as the Plaintiff was lawfully upon the premises at the Philadelphia International Airport as described above, he was caused to slip, trip and fall while de-planing due to a dangerous and hazardous condition, a height difference between the door of the plane and the elevation of the jetway due to the negligent operation, inspection, maintenance and repair of the jetway at Gate C23 as he was exiting American Airlines flight AA1664 at Gate C23 at the Philadelphia International Airport, which condition was allowed to exist and remain for some time by Defendants, thereby causing him to sustain serious, debilitating and permanent injuries as more fully set forth at length hereinafter.

9.     Upon information and belief, it is averred and therefore believed that the jetways at the Philadelphia international airport are bolted to the terminal buildings and are clearly intended to remain in place and thus the jetways are fixtures of a public building and therefore part of the building.

10.    The jetways therefore fall under the real property or personal property exception to governmental immunity pursuant to 42 Pa.C.S. § 8542(b)(2) and (3).

Case ID: 210802475

11.     At the time and place aforesaid, and for some period of time prior thereto, the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the dangerous and defective conditions of and about the aforesaid boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, yet, nonetheless, carelessly and/or negligently allowed and permitted said dangerous and defective conditions to exist and remain upon said premises all to the great harm and detriment of Plaintiff.

12.     It is believed and therefore averred the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the aforesaid dangerous and defective conditions yet failed to properly inspect, maintain, repair, remove, redesign, construct, secure, warn, safeguard and/or protect against such dangerous and hazardous conditions in the jetway up to the door of the aircraft which caused the accident as hereinbefore alleged.

13.     Plaintiff Renato Mannino did not cause or contribute to his injuries.

### COUNT I
### PLAINTIFF RENATO MANNINO V DEFENDANT CITY OF PHILADELPHIA

14.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 13 above as though fully set forth at length herein.

15.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant City of Philadelphia, jointly and/or severally and/or in the alternative with the other Defendants, by and through their agents, servants, workers and/or employees in:

      a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

4

Case ID: 210802475

b.      Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

c.      Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

d.      Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

e.      Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.      Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

g.      Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

h.      Failing to properly and timely inspect said premises;

i.      Failing to properly maintain the premises in a safe condition;

j.      Failing to properly repair known dangerous conditions of the property;

k.      Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

l.      Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

m.     Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

n.      Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all

5

Case ID: 210802475

appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

o.    Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

16.    As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

17.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including injury to hes lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, and loss of enjoyment of life, some or all of which injuries may be permanent in nature.

18.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to his nerves and nervous system, the full extent of which are as yet unknown.

19.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to his usual duties, occupation and/or avocations, all to his great loss and detriment.

6

Case ID: 210802475

20.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

21.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

22.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which he may be otherwise unable to afford.

23.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demands judgment in their favor and against the Defendant City of Philadelphia, jointly, severally or in the alternative with Defendants American Airlines Inc. and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT II
## PLAINTIFF RENATO MANNINO V AMERICAN AIRLINES, INC.

24.     Plaintiffs incorporate by reference the facts and allegations contained in paragraphs 1 through 23 above as though fully set forth at length herein.

25.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the

7

Defendant American Airlines, Inc., jointly and/or severally and/or in the alternative with the

other Defendants, by and through their agents, servants, workers and/or employees in:

    a.    Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

    b.    Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

    c.    Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

    d.    Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

    e.    Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

    f.    Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

    g.    Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

    h.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

    i.    Failing to properly and timely inspect said premises;

    j.    Failing to properly maintain the premises in a safe condition;

    k.    Failing to properly repair known dangerous conditions of the property;

    l.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

    m.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding

Case ID: 210802475

bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.   Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.   Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.   Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.   Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

26.   As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

27.   As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including injury to her lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life, some or all of which injuries may be permanent in nature.

Case ID: 210802475

28.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to her nerves and nervous system, the full extent of which are as yet unknown.

29.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which she has in the past and may in the future be unable to attend to her usual duties, occupation and/or avocations, all to his great loss and detriment.

30.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

31.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

32.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which she may be otherwise unable to afford.

33.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demands judgment in their favor and against the Defendant American Airlines, Inc. jointly, severally or in the alternative with Defendants City of Philadelphia and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000),

Case ID: 210802475

together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT III
## PLAINTIFF RENATO MANNINO V JBT CORPORATION

34.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 33 above as though fully set forth at length herein.

35.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant JBT Corporation, jointly and/or severally and/or in the alternative individually with the other Defendants, by and through their agents, servants, workers and/or employees in:

a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

b.     Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

c.     Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

d.     Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

e.     Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.     Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

g.     Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

11

Case ID: 210802475

h.      Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i.      Failing to properly and timely inspect said premises;

j.      Failing to properly maintain the premises in a safe condition;

k.      Failing to properly repair known dangerous conditions of the property;

l.      Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m.      Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.      Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.      Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.      Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.      Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

36.     As the result of the aforesaid negligence and carelessness of the Defendants,

jointly and/or severally and/or in the alternative, by and through their agents, servants, workers,

Case ID: 210802475

contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

37.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including but not limited to, injury to his lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life, some or all of which injuries may be permanent in nature.

38.    By reason of the aforesaid negligence and/or carelessness  of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to her nerves and nervous system, the full extent of which are as yet unknown.

39.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to her usual duties, occupation and/or avocations, all to her great loss and detriment.

40.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

41.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

13

Case ID: 210802475

42.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which she may be otherwise unable to afford.

43.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Defendant JBT Corporation, jointly, severally or in the alternative with Defendants City of Philadelphia and American Airlines, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT IV
## PLAINTIFF LISA MANNINO V DEFENDANTS

44.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 43 above as though fully set forth at length herein.

45.     As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff Lisa Mannino suffered and will continue to suffer the loss of consortium, companionship and society of her husband.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants City of Philadelphia, American Airlines, Inc., and JBT Corporation, jointly and/or severally and in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

14

Case ID: 210802475

Respectfully submitted,

LOWENTHAL & ABRAMS, P.C.

BY:    s/ *Dennis M Abrams*
          DENNIS M. ABRAMS, ESQUIRE

15

## **VERIFICATION**

I, RENATO MANNINO, hereby verify that I am a plaintiff in the within civil action, and that the facts set forth in the foregoing are true and accurate to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.


_____
RENATO MANNINO

**VERIFICATION**

I, Lisa Mannino, hereby verify that I am a plaintiff in the within civil action, and that the facts set forth in the foregoing __First Amended Complaint__ are true and accurate to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.


LISA MANNINO

**CERTIFICATION OF SERVICE**

I, Dennis M. Abrams, Esquire, of the law firm of Lowenthal & Abrams, P.C., hereby

certify that on October 8, 2021, service of a true and correct copy of the within pleading was

made on all relevant parties or their counsel of record pursuant to Pa. R.C.P. 205.4 as follows:

Dawn M. Sigyarto, Esquire
James A. Murray, Esquire
Litchfield Cavo LLP
1515 Market Street
Suite 1220
Philadelphia, PA  19102
sigyarto@litchfieldcavo.com
murray@litchfieldcavo.com
*Counsel for Defendant City of Philadelphia*

Nathan R. Bohlander, Esquire
Morgan & Akins, PLLC
The Graham Building
30 South 15th Street
Suite 701
Philadelphia, PA  19102
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Zachary Joseph Ballard, Esquire
Salmon, Ricchezza, Singer & Turchi, LLP
1601 Market Street
Suite 2500
Philadelphia, PA  19103
zballard@srstlaw.com
*Counsel for Defendant JBT Corporation*

LOWENTHAL & ABRAMS, P.C.

BY:     ___*s/ Dennis M. Abrams*_____
DENNIS M. ABRAMS, ESQUIRE
Counsel for plaintiffs

16

Case ID: 210802475

TO PLAINTIFFS:

YOU ARE HEREBY NOTIFIED TO PLEAD TO THE
ENCLOSED NEW MATTER WITHIN TWENTY (20) DAYS
FROM THE SERVICE HEREOF OR A JUDGMENT MAY
BE ENTERED AGAINST YOU.

*/s/ Zachary J. Ballard*

ZACHARY J. BALLARD, ESQ.
ATTORNEY FOR DEFENDANT,
JOHN BEAN TECHNOLOGIES CORPORATION

Filed and Attested by the
Office of Judicial Records
02 NOV 2021 01:58 pm
G. IMPERATO

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP
By:     John E. Salmon, Esq. (Attorney ID #30149)
          Zachary J. Ballard, Esq. (Attorney ID #206177)
          Kyle R. Brady, Esq. (Attorney ID #329076)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
jsalmon@srstlaw.com
zballard@srstlaw.com                    Attorneys for Defendant,
kbrady@srstlaw.com                      John Bean Technologies Corporation

| | |
|---|---|
| RENATO MANNINO and LISA MANNINO, h/w, | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs, | AUGUST TERM 2021 |
| v. | CIVIL ACTION NO. 02475 |
| CITY OF PHILADELPHIA, *et. al.,* | |
| Defendants. | |

## DEFENDANT JOHN BEAN TECHNOLOGIES CORPORATION'S ANSWER WITH NEW MATTER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, John Bean Technologies Corporation (incorrectly identified in

Plaintiffs' Complaint as "JBT Corporation") (hereinafter "Answering Defendant"), by

and through its attorneys, Salmon, Ricchezza, Singer & Turchi LLP, as and for their

Answer to Plaintiffs' Amended Complaint ("Amended Complaint") with New Matter,

states as follows:

1.      Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial.

2.      Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

3.      Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

4.      Admitted in part; denied in part. It is only admitted that John Bean Technologies Corporation is a business entity incorporated in the state of Delaware. The remaining averments contained in this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

5.      Denied. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments

Case ID: 210802475

specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

6. Denied. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

7. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

8. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

9. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

Case ID: 210802475

10.     Denied. The averments in this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

11.     Denied. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

12.     Denied. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

13.     Denied. The averments in this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

## COUNT I
## PLAINTIFF RENATO MANNINO v. CITY OF PHILADELPHIA

14.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as though the same are set forth at length herein.

15(a)-(o).     Denied. The averments contained in this paragraph and its subparts are not directed to Answering Defendant; therefore, no response is required. To the extent

4

that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

16.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

17.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

18.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

19.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

20.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

Case ID: 210802475

21.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

22.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

23.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

**WHEREFORE**, Answering Defendant, John Bean Technologies Corporation, demands judgment in its favor and against all parties with costs, interest, and any other fees the Court deems just and appropriate.

## COUNT II
### PLAINTIFF RENATO MANNINO v. AMERICAN AIRLINES GROUP, INC.

24.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as though the same are set forth at length herein.

25(a)-(q).     Denied. The averments contained in this paragraph and its subparts are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

6

Case ID: 210802475

26.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

27.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

28.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

29.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

30.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

31.    Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is

Case ID: 210802475

required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

32.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

33.     Denied. The averments contained in this paragraph are not directed to Answering Defendant; therefore, no response is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

**WHEREFORE**, Answering Defendant, John Bean Technologies Corporation, demands judgment in its favor and against all parties with costs, interest, and any other fees the Court deems just and appropriate.

### COUNT III – NEGLIGENCE
### <u>PLAINTIFF RENATO MANNINO v. JOHN BEAN TECHNOLOGIES CORPORATION</u>

34.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as though the same are set forth at length herein.

35(a)-(q).     Denied. This paragraph and its subparts contain legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph and its subparts contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

Case ID: 210802475

36.     Denied. This paragraph contains legal conclusions to which no responsive pleading is required. To the extent the remaining allegations in this paragraph contain averments which are factual in nature, Answering Defendant denies such averments specifically pursuant to Pa.R.C.P. No. 1029(e) and strict proof to the contrary is demanded at time of trial.

37.     Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

38.     Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

39.     Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

40.     Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at

Case ID: 210802475

time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

41.    Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

42.    Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

43.    Denied. The averments in this paragraph constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, Answering Defendant denies liability to any party whatsoever and strict proof to the contrary is demanded at time of trial.

**WHEREFORE**, Answering Defendant, John Bean Technologies Corporation, demands judgment in its favor and against all parties with costs, interest, and any other fees the Court deems just and appropriate.

### COUNT IV
### <u>PLAINTIFF LISA MANNINO v. ALL DEFENDANTS</u>

44.    Answering Defendant incorporates by reference the preceding paragraphs of its Answer as though the same are set forth at length herein.

Case ID: 210802475

45.     Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph; as such, same are denied and strict proof thereof is demanded at time of trial. This paragraph also contains legal conclusions to which no responsive pleading is required.

**WHEREFORE**, Answering Defendant, John Bean Technologies Corporation, demands judgment in its favor and against all parties with costs, interest, and any other fees the Court deems just and appropriate.

## NEW MATTER – AFFIRMATIVE DEFENSES

1.     Answering Defendant preserves all affirmative defenses that may apply against Plaintiffs under the Pennsylvania Comparative Negligence Act. Further, Plaintiffs' damages, if any, were caused or contributed to by Plaintiffs' own negligence or fault, and Plaintiffs' recovery, if any, should be barred or reduced in accordance with applicable Pennsylvania law.

2.     Answering Defendant performed each and every duty that it owed to Plaintiffs and the accident that is the subject of this action was not the result of any negligence or carelessness on the part of Answering Defendant.

3.     Plaintiffs' claims against Answering Defendant are barred because any alleged damages were proximately caused by negligent acts or omissions of third parties over whom Answering Defendant exercised no control and for whose conduct Answering Defendant bears no responsibility. Said acts or omissions intervened between and/or superseded the alleged acts and omissions of Answering Defendant, if any, and the

11

Case ID: 210802475

accident alleged by Plaintiffs was the sole, direct, and proximate cause of Plaintiffs' damages, if any.

4.      Answering Defendant's conduct was not a substantial factor in contributing to Plaintiffs' alleged damages.

5.      Plaintiffs' recovery of damages, if any, must be reduced as a result of their failure to mitigate damages.

6.      The doctrine of assumption of risk bars any recovery herein.

7.      The jetway in question was mishandled, misused, abused, and/or not used for its intended purposes and/or in the intended manner by Plaintiff and/or third parties, thereby barring or reducing any recovery by Plaintiffs, if any, against Answering Defendant.

8.      The perils or dangers of which Plaintiff complains, to the extent that they exist, which Answering Defendants deny, were open and obvious to Plaintiff, who nevertheless conducted himself in such a manner as to expose himself to said perils, thereby barring or reducing any recovery by Plaintiffs, if any, against Answering Defendant.

9.      Denying that any unsafe or dangerous conditions existed at the time of the accident that is the subject of this action, Answering Defendant had no notice, either actual or constructive, of the existence of any such unsafe or dangerous conditions on the subject jetway.

10.     Any claims in this action against Answering Defendants are barred or reduced in accordance with the spoliation of evidence of doctrine.

Case ID: 210802475

11.     Denying that Answering Defendant improperly or negligently maintained or serviced the subject jetway involved, the corrective and preventative maintenance performed by Answering Defendant properly enabled Plaintiff to safely use the subject jetway.

12.     All services rendered and/or performed by Answering Defendant, if any, were satisfactorily performed in conformance with all agreements and in conformance with those recognized and accepted standards, practices, and/or procedures in the profession and in conformance with all applicable federal statutes, state and local statutes, codes, ordinances, and regulations.

13.     Denying that Answering Defendant improperly or negligently maintained or serviced the subject jetway involved, Plaintiffs' claims against Answering Defendants are barred by such other facts, circumstances, and/or principles of law as may be shown through investigation, discovery, or trial of this matter.

**WHEREFORE**, Answering Defendant, John Bean Technologies Corporation, demands judgment in its favor and against all parties with costs, interest, and any other fees the Court deems just and appropriate.

Respectfully submitted,

**SALMON, RICCHEZZA, SINGER & TURCHI** LLP

By:  */s/ Zachary J. Ballard*
_____
John E. Salmon, Esquire
Zachary J. Ballard, Esquire
Kyle R. Brady, Esquire
*Attorneys for Defendant,*
*John Bean Technologies Corporation*

Dated: November 2, 2021

13

Case ID: 210802475

## VERIFICATION

I, William Davis, state that I am a representative of John Bean Technologies Corporation and that I am authorized to make this Verification. I have reviewed the foregoing Answer to Plaintiffs' Amended Complaint with New Matter and confirm that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. These statements are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_William Davis_
William Davis

Date: November 2, 2021

14

Case ID: 210802475

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of Defendant's Answer to Plaintiffs' Amended Complaint with New Matter was served upon all parties and counsel of record via Court electronic filing and U.S. mail.

Dennis M. Abrams, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue, Suite 500
Bala Cynwyd, PA 19004
***Attorney for Plaintiffs,***
***Renato Mannino and Lisa Mannino***

Dawn M. Gigyarto, Esquire
James A. Murray, Esquire
Litchfield Cavo LLP
1515 Market Street, Suite 1220
Philadelphia, PA 19102
***Attorneys for Defendant,***
***City of Philadelphia***

Nathan R. Bohlander, Esquire
Morgan & Akins, PLLC
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
***Attorney for Defendant,***
***American Airlines, Inc.***

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**

By: /s/ *Zachary J. Ballard*
_____
Zachary J. Ballard, Esquire

Dated: November 2, 2021

15

NATHAN R. BOHLANDER
Attorney I.D. No:. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
(215) 600-1234
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*



*Filed and Attested by the Office of Judicial Records 12 NOV 2021 11:25 am G. IMPERATO*

| | | |
|---|---|---|
| **RENATO MANNINO and** | : | **IN THE COURT OF COMMON PLEAS** |
| **LISA MANNINO, h/w** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **AUGUST TERM, 2021** |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO.:  02475** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **JBT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

## <u>NOTICE</u>

You are hereby notified to respond to the enclosed New Matter and Crossclaim within twenty (20) days of service thereof or a default judgment may be entered against you.

**MORGAN & AKINS, PLLC**

**BY:** _____

NATHAN R. BOHLANDER, ESQUIRE
*Counsel for Defendant, American*
*Airlines, Inc.*

Dated: <u>November 12, 2021</u>

1

NATHAN R. BOHLANDER
Attorney I.D. No:. 312509
**MORGAN & AKINS, PLLC**
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
(215) 600-1234
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

| | | |
|---|---|---|
| **RENATO MANNINO and** | : | **IN THE COURT OF COMMON PLEAS** |
| **LISA MANNINO, h/w** | : | **PHILADELPHIA COUNTY** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **AUGUST TERM, 2021** |
| **vs.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO.:  02475** |
| | : | |
| **AND** | : | |
| | : | |
| **AMERICAN AIRLINES, INC.** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **JBT CORPORATION** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT, AMERICAN AIRLINES, INC.'s
### ANSWER TO PLAINTIFFS, RENATO AND LISA MANNINO'S
### FIRST AMENDED COMPLAINT WITH NEW MATTER AND CROSSCLAIM

Defendant, American Airlines, Inc. (hereinafter, "Answering Defendant") by and through its attorneys, Morgan & Akins, PLLC, hereby answers Plaintiffs, Renato and Lisa Mannino's (hereinafter, when used in the plural "Plaintiffs," to represent Renato and Lisa Mannino, and, when used in the singular "Plaintiff," to represent Renato Mannino only) First Amended Complaint (hereinafter "Complaint"), attached hereto as **Exhibit "A"**, as follows:

1.      Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in

2

this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

2.      Denied.  The averments contained in this paragraph are not directed to Answering Defendant, so no response is required.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required.  To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

3.      Admitted in part, denied in part.  Admitted only insofar as Answering Defendant is headquartered in the State of Texas.  The remainder of the corresponding paragraph is denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

4.      Denied.  The averments contained in this paragraph are not directed to Answering Defendant, so no response is required.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required.  To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

5.      Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

3

6.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.   Strict proof of all averments, if admissible, is demanded at the time of trial.

7.     Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.   Strict proof of all averments, if admissible, is demanded at the time of trial.

8.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually. Answering Defendant specifically denies that the subject flight disembarked at the gate included in the corresponding Paragraph.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.   Strict proof of all averments, if admissible, is demanded at the time of trial.

9.     Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is

4

deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

10.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

11.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

12.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

13.     Denied.   After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is

5

deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

## COUNT I
## PLAINTIFF RENATO MANNINO V DEFENDANT CITY OF PHILADELPHIA

14.     Denied.  No response is required to the corresponding incorporation paragraph.

15.     (a) – (o) Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

16.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

17.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

18.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

19.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

20.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

21.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

7

22.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

23.     Denied.   After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

**WHEREFORE**, Answering Defendant hereby demands judgment in its favor and against Plaintiffs and any crossclaiming Defendants together with the costs of this action and such other and relief as this Court deems just and appropriate.

## COUNT II
## PLAINTIFF RENATO MANNINO V DEFENDANT AMERICAN AIRLINES, INC.

24.     Denied.  No response is required to the corresponding incorporation paragraph.

25.     (a) – (q) Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

8

26.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

27.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

28.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

29.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

30.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

31.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

32.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

33.     Denied.    After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

**WHEREFORE**, Answering Defendant hereby demands judgment in its favor and against Plaintiffs and any crossclaiming Defendants together with the costs of this action and such other and relief as this Court deems just and appropriate.

### COUNT III
### PLAINTIFF RENATO MANNINO V JBT CORPORATION

34.      Denied.  No response is required to the corresponding incorporation paragraph.

35.      (a) – (q) Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

36.      Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

37.      Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

38.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

39.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

40.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

41.     Denied.   To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.   To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.   To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

42.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

43.     Denied.   After reasonable investigation,  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and they are therefore denied.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

**WHEREFORE**, Answering Defendant hereby demands judgment in its favor and against Plaintiffs and any crossclaiming Defendants together with the costs of this action and such other and relief as this Court deems just and appropriate.

<u>**COUNT IV**</u>
<u>**PLAINTIFF LISA MANNINO V DEFENDANTS**</u>

44.     Denied.  No response is required to the corresponding incorporation paragraph.

45.     Denied.  To the extent that the averments contained in this paragraph are not directed to Answering Defendant, no response is required.  To the extent that the averments contained in this paragraph are directed to Answering Defendant, they are denied factually.  To the extent that the averments contained in this paragraph call for conclusions of law, no response is required. To the extent that an answer is deemed required, denied.  Strict proof of all averments, if admissible, is demanded at the time of trial.

Case ID: 210802475

**WHEREFORE**, Answering Defendant hereby demands judgment in its favor and against Plaintiff and any crossclaiming Defendants together with the costs of this action and such other and relief as this Court deems just and appropriate.

## NEW MATTER

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' Complaint does not comport with applicable procedural rules.

3.      Plaintiff(s) may have been contributorily and/or comparatively negligent and, therefore, the alleged injuries, damages and/or losses of Plaintiff are diminished or barred pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. 7102.

4.      Plaintiffs' claims may be barred in whole or in part by the applicable Statutes of Limitations.

5.      Plaintiffs' action should be dismissed for failure to join any and all necessary and indispensable parties.

6.      Plaintiff may have assumed the risk of his activities and/or the risk of a known danger.

7.      Plaintiff may have failed to avoid the risk of a known danger and/or exercise due care.

8.      Any conduct of Answering Defendant was not a substantial cause of the Plaintiffs' alleged injuries, damages and/or losses.

9.      The injuries, damages and/or losses allegedly sustained by Plaintiffs were caused entirely by, or contributed to by, the negligent acts or omissions of individuals and/or entities other than Answering Defendant.

10.     Negligent acts or omissions of individuals and/or entities other than Answering Defendant constitute intervening, superseding acts of negligence.

14

11.     Venue in Philadelphia may be improper and/or inconvenient.

12.     The injuries and/or losses allegedly sustained by Plaintiffs were not proximately caused by Answering Defendant.

13.     Plaintiffs may have failed to mitigate the alleged damages.

14.     Answering Defendant did not have actual nor constructive notice of any allegedly dangerous condition prior to the time of the subject incident.

15.     Any damages and/or injuries which Plaintiff may have sustained were caused by the improper, abnormal, unforeseeable and unintended circumstances for which Answering Defendant is not responsible.

16.     Plaintiffs and/or entities or other persons not in the control of Answering Defendant may be responsible for the destruction and/or spoliation of evidence resulting in prejudice in the ability to prepare a defense to Plaintiffs' claims.

17.     Answering Defendant pleads the Release, if any, that may have been executed by Plaintiffs and states that such Release eliminates and/or diminishes damages in this action and/or may bar Plaintiffs' recovery.

18.     Plaintiffs may be barred from maintaining their claims based upon estoppel and waiver.

19.     Plaintiffs may be barred from maintaining their claims based upon *res judicata*.

20.     Answering Defendant did not owe a duty to Plaintiffs and/or did not breach any duty with respect to Plaintiffs.

21.     Answering Defendant was not reckless, careless, and/or negligent in any manner whatsoever.

22.     Answering Defendant generally denies each and every allegation contained in Plaintiffs' Complaint as it relates to the alleged liability of Answering Defendant.

15

23.     Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted and, should said relief be granted, it would contravene Answering Defendant's Constitutional rights to substantive and procedural process of law and equal protection as preserved by the Fifth and Fourteenth Amendments of the United States Constitution and by the applicable provisions of the Constitution of Pennsylvania and further would contravene Answering Defendant's Constitutional rights to protection against the taking of property without just compensation preserved by such Constitutional provisions.

24.     Plaintiffs' claims may be preempted in whole or in part by federal and/or state statutes and/or regulations, as well as multinational treatises.

25.     Answering Defendant acted as required by the terms of all contracts to which it was a party.

26.     Answering Defendant acted within the standards of the industry and with all due care.

27.     Answering Defendant hereby reserves the right to file a Motion to Dismiss Plaintiffs' claims on the grounds that Plaintiff has no legal cause of action against Answering Defendant.

28.     Plaintiffs' claims should be dismissed for failure to set forth allegations with sufficient particularity.

29.     Plaintiffs' Complaint fails to allege any act or omission on the part of Answering Defendant which constitutes proximate cause.

30.     The area in which Plaintiff's alleged injury was sustained was wholly within the exclusive commercial leasehold of another entity, and Answering Defendant bore no obligations or responsibilities for the care and/or maintenance of the aforesaid premises.

Case ID: 210802475

31.     This Court lacks jurisdiction over the subject matter of this action, warranting dismissal of Plaintiffs' Complaint.

32.     Answering Defendant owed no express or implied contractual obligation or duty to Plaintiffs.

33.     Plaintiffs have failed to effect proper service of the Complaint upon Answering Defendant.

34.     Joint and several liability is unconstitutional because the amount of damages may be unrelated to Answering Defendant's extent of fault or causal responsibility.

35.     Plaintiff knew or had reason to know of facts which created a high risk of physical harm to himself or Plaintiff deliberately proceeded to act, or failed to act, in conscious disregard of that risk, and Plaintiff's highly reckless conduct was the sole or superseding cause of his injuries.

36.     The accident referred to in Plaintiffs' Complaint and/or the injuries and/or damages alleged by Plaintiffs may have been caused, in whole or in part, by a sudden medical emergency, including, but not limited to, a sudden and unexpected loss of consciousness.

37.     Plaintiffs' alleged injuries, damages and/or losses may have been caused and/or significantly contributed to by Plaintiff's failure to utilize and/or properly utilize an available safety device or protocol.

38.     The incident which gave rise to the instant matter was caused by an instrumentality or entity over which Answering Defendant had no control or right to control, which constitutes a complete defense to the cause of action.

39.     If the alleged defective condition existed, which Answering Defendant denies, then Plaintiff failed to notice an open and obvious condition, which constitutes a complete defense to the cause of action.

17

Case ID: 210802475

40.     Plaintiffs' damages are limited to eliminated by virtue of the avoidable-consequences doctrine.

41.     If the alleged defective condition existed, which Answering Defendant denies, then Plaintiff failed to avoid the condition which was known to him before the Incident.

42.     If the alleged defective condition existed, which Answering Defendant denies, then Answering Defendant had no knowledge of same prior to the Incident.

43.     If Plaintiffs were required to have health insurance pursuant to the Affordable Care Act and failed to have such coverage, Plaintiff must be precluded from claiming and/or recovering as damages the full amount of the medical bills and, instead Plaintiff's claim for medical bills must be limited/reduced upon the insurance coverage Plaintiff would have received if Plaintiff had complied with the law.

44.     Plaintiffs' damages, if any, must be reduced by the amount of any past or future costs and/or expenses incurred or to be incurred by the Plaintiffs for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care loss of earnings or other economic loss, which has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source.

45.     All injuries alleged by Plaintiffs in their Complaint pre-existed the alleged accident, said injuries and accident being specifically denied.

46.     Plaintiffs may be barred from maintaining their claims based upon estoppel, unclean hands, collateral estoppel, waiver, prior notice, ratifications, *res judicata*, and/or laches.

47.     Answering Defendant denies that it is liable to Plaintiff or any other party, under any theory of liability, whether previously pled or not yet pled.

48.     Answering Defendant sets forth all defenses as included in Pennsylvania Rule of Civil Procedure 1030.

18

Case ID: 210802475

49.     Answering Defendant hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

**WHEREFORE**, Answering Defendant denies that Plaintiffs are entitled to any judgment against it, including but not limited to any compensation and/or punitive damages, individually, jointly and/or severally in any amount or for interest, attorney's fees, costs and/or any other compensation and/or relief and, Answering Defendant demands judgment in its favor and against Plaintiff on all claims asserted in Plaintiffs' Complaint, together with costs of suit, attorney's fees and any other relief deemed appropriate by the Court.

### DEFENDANT, AMERICAN AIRLINES, INC.'s
### NEW MATTER CROSSCLAIM PURSUANT TO PA.R.C.P. 1031.1
### AGAINST DEFENDANT, JBT CORPORATION

1.     Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.") (hereinafter "American") incorporates by reference its Answer with New Matter set forth above as though same were fully set forth at length herein.

2.     By way of crossclaim, American hereby incorporates by reference, without admission or adoption, all well pled averments in Plaintiffs' Complaint and directs them to Defendant, JBT Corporation.

3.     American hereby crossclaims against Defendant, JBT Corporation, and states that any and all liability to Plaintiffs is denied, but if Plaintiffs are entitled to recovery based upon the allegations of Plaintiffs' Complaint, said recovery would be predicated upon the conduct, acts and omissions of Defendant, JBT Corporation.

4.     With any liability being expressly denied, if Plaintiffs suffered damages, injuries or losses as alleged in Plaintiffs' Complaint, the damages were caused solely by the negligence and/or

Case ID: 210802475

carelessness of Defendant, JBT Corporation, and, accordingly, Defendant, JBT Corporation is solely liable, jointly and/or severally liable and/or liable over to American.

5.      If American is held liable to Plaintiffs for all or part of the damages Plaintiffs allege they may have suffered, Defendant, JBT Corporation is liable to American by way of contribution and/or indemnity, either contractually, as a matter of law or otherwise.

**WHEREFORE**, Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.") demands judgment in its favor and against Defendant, JBT Corporation on all claims asserted in Plaintiffs' Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

**MORGAN & AKINS, PLLC**

**BY:** _____

NATHAN R. BOHLANDER, ESQUIRE
*Counsel for Defendant, American
Airlines, Inc.*

Dated: November 12, 2021

20

## VERIFICATION

I, <u>Renee Ramirez</u>, verify that I am the <u>Sr. Claims Analyst</u> at American Airlines, Inc. and I am authorized to execute this Verification on behalf of Defendant, American Airlines, Inc. (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc."). The undersigned verifies that the facts set forth in Defendant, American Airlines, Inc.'s (incorrectly designated as "American Airlines Group, Inc. d/b/a American Airlines, Inc.") Answer to Plaintiffs' Complaint with New Matter and New Matter Crossclaim are true and correct to the best of her knowledge, information, and belief.

BY: *Renée Ramirez*

DATED: <u>November 2, 2021</u>

21

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2021, I electronically filed the foregoing Answer to Plaintiffs' First Amended Complaint with New Matter and New Matter Crossclaim with the Prothonotary using the Philadelphia County Courts Electronic Filing System, which provides the foregoing Answer to Plaintiffs' First Amended Complaint with New Matter and New Matter Crossclaim to each represented party listed below.   All unrepresented parties were served by regular mail.

Dennis M. Abrams, Esquire
Lowenthal & Abrams, P.C.
555 City Line Avenue
Suite 500
Bala Cynwyd, PA 19004
***Counsel for Plaintiffs, Renato and Lisa Mannino***

Damian M. Taranto, Esquire
Samuel A. Garson, Esquire
Fowler Hirtzel McNulty & Spaulding, LLP
1717 Arch Street
Suite 1310
Philadelphia, PA 19103
***Counsel for Defendant, City of Philadelphia***

John E. Salmon, Esquire
Zachary J. Ballard, Esquire
Kyle R. Brady, Esquire
Salmon, Ricchessa, Singer & Turchi LLP
1601 Market Street, Suite 2500
Philadelphia, PA 19103
***Counsel for Defendant, JBT Corporation***

Case ID: 210802475

**MORGAN & AKINS, PLLC**

**BY:**     **_____**

NATHAN R. BOHLANDER, ESQUIRE
*Counsel for Defendant, American*
*Airlines, Inc.*

Dated: <u>November 12, 2021</u>

23

Case ID: 210802475



*Filed and Attested by the
Office of Judicial Records
12 NOV 2021 11:25 am
G. IMPERATO*

# EXHIBIT A

Case ID: 210802475

**LOWENTHAL & ABRAMS, P.C.**
By:     Dennis M. Abrams, Esquire
Identification No.  40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania   19004
(610) 667-7511



Filed and Attested by the
Office of Judicial Records
08 OCT 2021 02:18 pm
A. STAMATO

Attorneys for Plaintiff

| | |
|---|---|
| RENATO MANNINO and | COURT OF COMMON PLEAS |
| LISA MANNINO, h/w | PHILADELPHIA COUNTY |
| 1632 Arabian Lane | |
| Palm Harbor, FL  34685 | AUGUST TERM, 2021 |
| | |
| v. | No. 02475 |
| | |
| CITY OF PHILADELPHIA | |
| One Parkway | |
| 1515 Arch Street, 15th Floor | MAJOR JURY |
| Philadelphia, PA  19102 | |
|     and | |
| AMERICAN AIRLINES, INC. | |
| PO Box 619616 | |
| DFW Airport, TX  75261-9696 | |
|     and | |
| JBT CORPORATION | |
| 70 West Madison | |
| Suite 4400 | |
| Chicago, IL  60602 | |

## NOTICE

### "NOTICE"

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  you are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property of other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania  19107
(215) 238-6333

### "AVISO"

Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.

USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania  19107
Teléfono (215) 238-6333

**LOWENTHAL & ABRAMS, P.C.**
By:     Dennis M. Abrams, Esquire
Identification No.  40184
555 City Line Avenue
Suite 500
Bala Cynwyd, Pennsylvania   19004
(610) 667-7511                                              Attorneys for Plaintiffs

| | | |
|---|---|---|
| RENATO MANNINO and | : | COURT OF COMMON PLEAS |
| LISA MANNINO, h/w | : | PHILADELPHIA COUNTY |
| 1632 Arabian Lane | : | |
| Palm Harbor, FL  34685 | : | AUGUST TERM, 2021 |
| | : | |
| v | : | No. 02475 |
| | : | |
| CITY OF PHILADELPHIA | : | |
| One Parkway | : | MAJOR JURY |
| 1515 Arch Street, 15th Floor | : | |
| Philadelphia, PA  19102 | : | |
|    and | : | |
| AMERICAN AIRLINES, INC. | : | |
| PO Box 619616 | : | |
| DFW Airport, TX  75261-9696 | : | |
|    and | : | |
| JBT CORPORATION | : | |
| 70 West Madison | : | |
| Suite 4400 | : | |
| Chicago, IL  60602 | : | |
| | : | |
| | : | |

## FIRST AMENDED COMPLAINT

1.      Plaintiffs Renato Mannino and Lisa Mannino are adult individuals who, at all

times relevant hereto, resided as husband and wife at the above stated address.

2.      Defendant City of Philadelphia is a Pennsylvania municipal corporation which, at

all times relevant herein, is and was responsible for the care, custody, control, possession, design,

construction, inspection, repair and/or maintenance of the Philadelphia International Airport,

including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and

Case ID: 210802475

all appurtenances thereto, including the premises where Plaintiff Renato Mannino suffered serious and debilitating injuries as more fully set forth hereinafter at length.

3.     Defendant American Airlines is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Texas, it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, specifically operating multiple terminals, a national hub along with multiple gates, jetways, boarding areas allowing planes to land, de-plane passengers and boards passengers at Philadelphia International Airport, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

4.     Defendant JBT Corporation is a corporation, partnership and/or other business entity organized and existing under the laws of the State of Illinois, with its principle address at the above-stated address and it regularly conducts and transacts business in the city and county of Philadelphia, Pennsylvania, at the Philadelphia International Airport, where, on behalf of Defendant City of Philadelphia and Defendant American Airlines it specifically is responsible for inspecting, maintaining, operating and repairing the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, including the premises where the Plaintiff suffered serious and debilitating injuries, as more fully set forth hereinafter at length.

5.     At all times relevant herein, it is believed, and therefore averred, that the Defendants City of Philadelphia, American Airlines and JBT Corporation were responsible for the care, custody, control, possession, design, construction, repair and/or maintenance of the premises at the Philadelphia International Airport, specifically, including the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto

Case ID: 210802475

including the premises where the Plaintiff suffered serious debilitating injuries as more fully set forth hereinafter at length.

6.      At all times relevant herein, the Defendants herein acted by and through their agents, workers, employees, contractors and/or other representatives.

7.      On or about February 26, 2020, the Plaintiff was legally and within his own rights a business invitee upon the property of the Defendants at the Philadelphia International Airport, specifically de-planing through a boarding bridge, jetway, gate boarding/de-boarding fixture and/or structure.

8.      On or about February 26, 2020, as the Plaintiff was lawfully upon the premises at the Philadelphia International Airport as described above, he was caused to slip, trip and fall while de-planing due to a dangerous and hazardous condition, a height difference between the door of the plane and the elevation of the jetway due to the negligent operation, inspection, maintenance and repair of the jetway at Gate C23 as he was exiting American Airlines flight AA1664 at Gate C23 at the Philadelphia International Airport, which condition was allowed to exist and remain for some time by Defendants, thereby causing him to sustain serious, debilitating and permanent injuries as more fully set forth at length hereinafter.

9.      Upon information and belief, it is averred and therefore believed that the jetways at the Philadelphia international airport are bolted to the terminal buildings and are clearly intended to remain in place and thus the jetways are fixtures of a public building and therefore part of the building.

10.      The jetways therefore fall under the real property or personal property exception to governmental immunity pursuant to 42 Pa.C.S. § 8542(b)(2) and (3).

Case ID: 210802475

11.     At the time and place aforesaid, and for some period of time prior thereto, the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the dangerous and defective conditions of and about the aforesaid boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto, yet, nonetheless, carelessly and/or negligently allowed and permitted said dangerous and defective conditions to exist and remain upon said premises all to the great harm and detriment of Plaintiff.

12.     It is believed and therefore averred the Defendants, by and through their agents, servants, workers, employees, contractors and/or other representatives, knew or should have known of the aforesaid dangerous and defective conditions yet failed to properly inspect, maintain, repair, remove, redesign, construct, secure, warn, safeguard and/or protect against such dangerous and hazardous conditions in the jetway up to the door of the aircraft which caused the accident as hereinbefore alleged.

13.     Plaintiff Renato Mannino did not cause or contribute to his injuries.

## COUNT I
## PLAINTIFF RENATO MANNINO V DEFENDANT CITY OF PHILADELPHIA

14.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 13 above as though fully set forth at length herein.

15.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant City of Philadelphia, jointly and/or severally and/or in the alternative with the other Defendants, by and through their agents, servants, workers and/or employees in:

      a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

4

b.    Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

c.    Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

d.    Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

e.    Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f.    Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

g.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

h.    Failing to properly and timely inspect said premises;

i.    Failing to properly maintain the premises in a safe condition;

j.    Failing to properly repair known dangerous conditions of the property;

k.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

l.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

m.    Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

n.    Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all

5

Case ID: 210802475

appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

o.   Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

16.   As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

17.   As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including injury to hes lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, and loss of enjoyment of life, some or all of which injuries may be permanent in nature.

18.   By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to his nerves and nervous system, the full extent of which are as yet unknown.

19.   By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to his usual duties, occupation and/or avocations, all to his great loss and detriment.

Case ID: 210802475

20.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

21.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

22.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which he may be otherwise unable to afford.

23.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demands judgment in their favor and against the Defendant City of Philadelphia, jointly, severally or in the alternative with Defendants American Airlines Inc. and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT II
## PLAINTIFF RENATO MANNINO V AMERICAN AIRLINES, INC.

24.     Plaintiffs incorporate by reference the facts and allegations contained in paragraphs 1 through 23 above as though fully set forth at length herein.

25.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the

Case ID: 210802475

Defendant American Airlines, Inc., jointly and/or severally and/or in the alternative with the

other Defendants, by and through their agents, servants, workers and/or employees in:

a. Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

b. Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

c. Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

d. Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

e. Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

f. Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

g. Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

h. Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i. Failing to properly and timely inspect said premises;

j. Failing to properly maintain the premises in a safe condition;

k. Failing to properly repair known dangerous conditions of the property;

l. Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m. Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding

8

bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n. Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o. Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p. Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

q. Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

26.     As the result of the aforesaid negligence and carelessness of the Defendants, jointly and/or severally and/or in the alternative, by and through their agents, servants, workers, contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

27.     As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including injury to her lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life, some or all of which injuries may be permanent in nature.

9

28.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to her nerves and nervous system, the full extent of which are as yet unknown.

29.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which she has in the past and may in the future be unable to attend to her usual duties, occupation and/or avocations, all to his great loss and detriment.

30.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

31.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

32.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which she may be otherwise unable to afford.

33.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demands judgment in their favor and against the Defendant American Airlines, Inc. jointly, severally or in the alternative with Defendants City of Philadelphia and JBT Corporation in an amount in excess of Fifty Thousand Dollars ($50,000),

Case ID: 210802475

together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT III
## PLAINTIFF RENATO MANNINO V JBT CORPORATION

34.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 33 above as though fully set forth at length herein.

35.     It is believed, and therefore averred, that the injuries and losses suffered by the Plaintiffs herein was caused as the direct result of the negligence and carelessness of the Defendant JBT Corporation, jointly and/or severally and/or in the alternative individually with the other Defendants, by and through their agents, servants, workers and/or employees in:

    a.     Permitting and/or allowing a dangerous condition to exist and remain at the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances;

    b.     Allowing the premises to exist and remain in a defective, dangerous, hazardous and unsafe condition;

    c.     Failing to properly inspect, maintain, repair and remediate the dangerous, hazardous and unsafe condition of the boarding bridge, specifically to align and equalize the height of the jetway with the plane;

    d.     Failing to give Plaintiff proper and due notice/warning of the defective, dangerous, hazardous and unsafe condition of the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto existing on the premises;

    e.     Failing to station employees and agents at appropriate locations to effectively warn de-planing passengers of the aforesaid height differential;

    f.     Failing to give Plaintiff the proper and adequate protection to which she was entitled as a business invitee;

    g.     Failing to request and supervise adequate inspections of the premises by and through its agents, employees, servants, workers and/or contractors;

11

Case ID: 210802475

h.    Permitting the boarding bridge, jetway, gate, boarding/de-boarding fixtures and equipment and all appurtenances thereto to exist and remain upon the premises for an unreasonable period of time, without repair or remediation of such condition;

i.    Failing to properly and timely inspect said premises;

j.    Failing to properly maintain the premises in a safe condition;

k.    Failing to properly repair known dangerous conditions of the property;

l.    Failing to properly operate the boarding bridges, jetways, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto free and clear of dangerous and hazardous conditions;

m.    Failing to consult with professionals with regard to the repair, placement, installation, design, construction and/or maintenance of the boarding bridge, jetway, gate boarding/de-boarding fixtures and equipment and all appurtenances thereto;

n.    Failing to properly design, construct, install, repair and/or maintain the boarding bridge, jetways, gate board-de-boarding fixtures and equipment and all appurtenances thereto:

o.    Failing to repair the boarding bridge, specifically the boarding bridge, jetway, gate boarding/de-boarding fixture and equipment and all appurtenances thereto upon the premises even after Defendants knew and/or should have known of their dangerous and hazardous conditions thereon/therein;

p.    Failing to properly level and keep level the jetway with the height of Plaintiff's airplane exit door, thus allowing a dangerous condition to exist and to repeat itself because proper and appropriate efforts were not undertaken to make sure that the doorway of the plane leveled with the jetway; and

q.    Failing to hire, supervise, instruct, monitor, maintain, competent employees, agents, work persons, contractors and others to adequately and appropriately maintain any and all airport structures and equipment so as to allow for the safe ingress, egress, passage and transportation of airport customers and passengers.

36.    As the result of the aforesaid negligence and carelessness of the Defendants,

jointly and/or severally and/or in the alternative, by and through their agents, servants, workers,

Case ID: 210802475

contractors, employees and/or other representatives, the Defendants failed to exercise reasonable and proper care with regard to the maintenance, upkeep and safety of the aforesaid premises all to the great harm and detriment of the Plaintiffs herein.

37.    As a direct and proximate result of the negligence and carelessness of the Defendants herein, jointly and/or severally and/or in the alternative, the Plaintiff sustained serious and painful injuries including but not limited to, injury to his lower extremities, back, gait, muscles, tendons, ligaments, nerves and tissues resulting in serious orthopedic and neurologic injuries as well as emotional upset, distress, loss of enjoyment of life, some or all of which injuries may be permanent in nature.

38.    By reason of the aforesaid negligence and/or carelessness  of the Defendants as hereinbefore alleged, Plaintiff suffered aches, pains, mental anxiety, anguish and severe shock to her nerves and nervous system, the full extent of which are as yet unknown.

39.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer severe pain and suffering as the result of which he has in the past and may in the future be unable to attend to her usual duties, occupation and/or avocations, all to her great loss and detriment.

40.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future suffer injury and loss including a severe loss of earnings and/or impairment of earning capacity.

41.    By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future be obliged to receive medical attention and care and expend various sums of money, such sums of which may still be owing.

Case ID: 210802475

42.     By reason of the aforesaid negligence and/or carelessness of the Defendants as hereinbefore alleged, Plaintiff has in the past and may in the future incur other financial expenses and losses which exceed or may in the future exceed amounts to which she may be otherwise unable to afford.

43.     It is believed, and therefore averred, that the aforesaid occurrence was in no way due to any act and/or omission to act on the part of the Plaintiff.

WHEREFORE, Plaintiffs demand judgment in their favor and against the Defendant JBT Corporation, jointly, severally or in the alternative with Defendants City of Philadelphia and American Airlines, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

## COUNT IV
## PLAINTIFF LISA MANNINO V DEFENDANTS

44.     Plaintiff incorporates by reference the facts and allegations contained in paragraphs 1 through 43 above as though fully set forth at length herein.

45.     As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff Lisa Mannino suffered and will continue to suffer the loss of consortium, companionship and society of her husband.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants City of Philadelphia, American Airlines, Inc., and JBT Corporation, jointly and/or severally and in the alternative, in an amount in excess of Fifty Thousand Dollars ($50,000), together with such other and further relief as this Court deems just and appropriate under the circumstances, including interest, costs and delay damages.

14

Respectfully submitted,

LOWENTHAL & ABRAMS, P.C.


BY:   s/ *Dennis M Abrams*
      DENNIS M. ABRAMS, ESQUIRE

15

Case ID: 210802475

## **VERIFICATION**

I, RENATO MANNINO, hereby verify that I am a plaintiff in the within civil action, and that the facts set forth in the foregoing are true and accurate to the best of my knowledge, information and belief.  I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.

RENATO MANNINO

**VERIFICATION**

I, Lisa Mannino, hereby verify that I am a plaintiff in the within civil action, and that the facts set forth in the foregoing   First Amended Complaint          are true and accurate to the best of my knowledge, information and belief.   I understand that this statement is made subject to the penalties of 18 P.C.S.A. §4904, relating to unsworn falsification to authorities.

LISA MANNINO

## CERTIFICATION OF SERVICE

I, Dennis M. Abrams, Esquire, of the law firm of Lowenthal & Abrams, P.C., hereby

certify that on October 8, 2021, service of a true and correct copy of the within pleading was

made on all relevant parties or their counsel of record pursuant to Pa. R.C.P. 205.4 as follows:

Dawn M. Sigyarto, Esquire
James A. Murray, Esquire
Litchfield Cavo LLP
1515 Market Street
Suite 1220
Philadelphia, PA  19102
sigyarto@litchfieldcavo.com
murray@litchfieldcavo.com
*Counsel for Defendant City of Philadelphia*

Nathan R. Bohlander, Esquire
Morgan & Akins, PLLC
The Graham Building
30 South 15th Street
Suite 701
Philadelphia, PA  19102
nbohlander@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

Zachary Joseph Ballard, Esquire
Salmon, Ricchezza, Singer & Turchi, LLP
1601 Market Street
Suite 2500
Philadelphia, PA  19103
zballard@srstlaw.com
*Counsel for Defendant JBT Corporation*

LOWENTHAL & ABRAMS, P.C.


BY:   *s/ Dennis M. Abrams*
        DENNIS M. ABRAMS, ESQUIRE
        Counsel for plaintiffs

Case ID: 210802475

To the <u>Plaintiffs and Co-Defendants</u>:
You are hereby notified to plead to the
**Answer with New Matter and**
**New Matter Cross Claims** enclosed
herewith within twenty (20) days of
service hereof, or default judgment
may be entered against you.

*Filed and Attested by the*
*Office of Judicial Records*
*22 APR 2022 02:47 pm*
*E. HAURIN*

BY: _____
    Damian M. Taranto, Esquire
    Samuel A. Garson, Esquire

**FOWLER HIRTZEL MCNULTY &**          ATTORNEYS FOR DEFENDANT, CITY
**SPAULDING, LLP**                    OF PHILADELPHIA
BY: DAMIAN M. TARANTO, ESQUIRE
I.D. #200194
E-MAIL: DTARANTO@FHMSLAW.COM
BY: SAMUEL A. GARSON, ESQUIRE
I.D. #:324340
E-MAIL: SGARSON@FHMSLAW.COM
1717 ARCH STREET, SUITE 1310
PHILADELPHIA, PA  19103
215-789-4848

RENATO MANNINO AND LISA              IN THE COURT OF COMMON PLEAS
MANNINO, h/w                              PHILADELPHIA COUNTY
                                          CIVIL ACTION – LAW
               Plaintiffs,
    v.                          AUGUST TERM, 2021

CITY OF PHILADELPHIA, AMERICAN           NO.: 210802475
AIRLINES GROUP, INC., AND JBT
CORPORATION,

               Defendants.

## <u>ANSWER WITH NEW MATTER AND CROSS CLAIMS OF DEFENDANT, CITY OF PHILADELPHIA, TO PLAINTIFFS' AMENDED COMPLAINT</u>

    Defendant, City of Philadelphia ("Answering Defendant"), by and through its counsel

Fowler Hirtzel McNulty & Spaulding, LLP, hereby files the within Answer with New Matter and

Cross Claims to Plaintiffs' Amended Complaint, and in support thereof avers as follows:

    1.    Denied. Answering Defendant is without knowledge or information to form a belief

as to the truth of these allegations and strict proof thereof is demanded.

{W1335412.1}

2.      Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

3.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

4.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

5.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

6.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

7.      Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

8.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, Answering Defendant is without knowledge or information to form a belief as to the

truth of these allegations and strict proof thereof is demanded.  Moreover, denied as a legal conclusion to which no response is required.

9.      Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

10.      Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

11.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  All allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

12.      Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  All allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

13.      Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

## COUNT I
## PLAINTIFF RENATO MANNINO v. DEFENDANT CITY OF PHILADELPHIA

14.      Paragraph 14 is an incorporation paragraph to which no response is required.

15.     Paragraph 15 and its accompanying subparagraphs (a)-(o) are denied as legal conclusions to which no response is required. To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

16.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

17.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

18.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

19.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

20.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all

allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

21.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

22.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  By way of further response, all allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

23.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs and all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
### PLAINTIFF RENATO MANNINO v. AMERICAN AIRLINES, INC.

24.     Paragraph 24 is an incorporation paragraph to which no response is required.

25.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint, and its subparagraphs (a)-(q), is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

26.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further

response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

27.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

28.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

29.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

30.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

31.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

Case ID: 210802475

32.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

33.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs and all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## PLAINTIFF RENATO MANNINO v. JBT CORPORATION

34.     Paragraph 34 is an incorporation paragraph to which no response is required.

35.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint, and its subparagraphs (a)-(q), is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

36.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

37.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

Case ID: 210802475

38.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

39.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

40.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

41.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

42.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

43.     Denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).

Case ID: 210802475

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs and all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## PLAINTIFF LISA MANNINO v. DEFENDANTS

44.     Paragraph 44 is an incorporation paragraph to which no response is required.

45.     Denied.  To the extent that this paragraph of Plaintiffs' Amended Complaint is directed to a party other than Answering Defendant, no reply is required.  By way of further response, denied as a legal conclusion to which no response is required.  To the extent that a response is required, denied pursuant to Pa.R.C.P. 1029(e).  All allegations of carelessness, negligence and/or other liability producing conduct with respect to Answering Defendant are specifically denied.

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs and all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

## NEW MATTER

46.     Answering Defendant incorporates all preceding paragraphs as though set forth at length herein.

47.     Plaintiffs may have failed to state a cause of action upon which relief can be granted.

48.     Plaintiff, Renato Mannino may have assumed the risk of injury.

49.     Plaintiff, Renato Mannino's, claims are limited or barred by his own negligence.

50.     The applicable Statute of Limitations may have expired.

51.     Answering Defendant caused no injuries or damage to Plaintiffs, and any injury or damage allegedly sustained by Plaintiffs may have been caused by a party other than Answering Defendant and not within the control of Answering Defendant.

52.     Answering Defendant did not commit any act or omission proximately causing Plaintiffs' damages.

53.     Answering Defendant owed no duty to Plaintiffs.

54.     Answering Defendant breached no duty to Plaintiffs.

55.     Answering Defendant acted reasonably, properly, and in good faith at all times relevant hereto.

56.     Answering Defendant was not negligent or careless at any time material hereto.

57.     Plaintiffs' claims may be barred and/or limited by the application of the Pennsylvania Comparative Negligence Act.

58.     Plaintiffs may have been otherwise negligent as may be determined during the course and scope of discovery and/or trial.

59.     Plaintiffs' recovery may be limited, in whole or in part, by the doctrine of release or waiver.

60.     If Answering Defendant was negligent, which is expressly denied, then the acts or omissions of Answering Defendant alleged to constitute negligence were not substantial factors or causes of the action or incident of which Plaintiffs complain and/or did not result in the injuries or damages alleged by the Plaintiffs.

61.     The intervening negligent acts or omissions of other persons or entities may have constituted superseding causes of the accident or incident of which Plaintiffs complain, and any

injuries or damages allegedly suffered by the Plaintiffs were caused by such superseding negligence of other persons and/or entities.

62. Pa. R.C.P. 238 should be deemed unconstitutional, as a violation of the Due Process and the Equal Protection clauses of the 14th Amendment of the United States Constitution, as well as Article I, Sections 1 and 11 and Article 5, Section 10(c) of the Pennsylvania Constitution.  In accordance with Pa.R.C.P. 232, Answering Defendant is not required to pay delay damages during time periods in which Plaintiffs' conduct delayed the trial.  Moreover, delay damages may be further reduced in accordance with Pennsylvania law.

63. Plaintiffs' cause of action may be barred or limited by the doctrine of laches, merger, collateral estoppel or res judicata, equitable estoppel and/or the single controversy doctrine.

64. Plaintiffs failed to mitigate their damages, if any.

65. Answering Defendant is entitled to all defenses and immunities afforded to it by 42. Pa. C.S. § 8541, the Political Subdivision Tort Claims Act and/or the Doctrine of Governmental Duty.

66. Answering Defendant did not have notice of the alleged defective or hazardous condition.

67. Pursuant to the terms of the Fair Share Act, 42 Pa.C.S.A. §7102, Answering Defendant is not jointly liable with other defendants as a matter of law, and Answering Defendant raise all defenses available to it under the Act.

68. Plaintiffs' claims may be preempted.

69. Answering Defendant incorporates all affirmative defenses available under Pennsylvania Rule of Civil Procedure 1030.

Case ID: 210802475

70.     Answering Defendant reserves the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiffs and all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

**CROSS CLAIMS PURSUANT TO Pa.R.C.P. 1031.**
**DEFENDANT, CITY OF PHILADELPHIA v. AMERICAN AIRLINES, INC. AND JBT**
**CORPORATION**

71.     Answering Defendant incorporates all preceding paragraphs as though set forth at length herein.

72.     For purposes of this Cross Claim only, Answering Defendant incorporates the allegations of Plaintiffs' Amended Complaint, which, are strictly denied, against Co-Defendants American Airlines, Inc. (hereinafter "American Airlines") and JBT Corporation (hereinafter "JBT").

73.     To the extent that Answering Defendant is found liable to Plaintiffs, said liability being expressly denied, Answering Defendant asserts that Co-Defendants, American Airlines and JBT are solely liable on the Plaintiffs' claims.

74.     To the extent that Answering Defendant is found liable to Plaintiffs, said liability being expressly denied, Answering Defendant asserts that Co-Defendants, American Airlines and JBT are liable over to Answering Defendant on Plaintiffs' claims, based upon the theories of indemnification and/or contribution, both by common law, statute, and by relevant contract.

**WHEREFORE**, Answering Defendant, City of Philadelphia, respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff sand all other parties, together with such other relief as this Honorable Court may deem just and appropriate.

Case ID: 210802475

**CROSS CLAIMS FOR BREACH OF CONTRACT AND CONTRACTUAL INDEMNITY
DEFENDANT, CITY OF PHILADELPHIA v. AMERICAN AIRLINES, INC.**

75.     Answering Defendant incorporates all preceding paragraphs as though set forth at length herein.

76.     For purposes of this Cross Claim only, Answering Defendant incorporates the allegations of Plaintiffs' Amended Complaint, which, are strictly denied, against American Airlines.

77.     Answering Defendant and American Airlines entered into an Airport-Airline Use and Lease Agreement ("Agreement" and and/or "Lease") with an effect date of July 1, 2015.  See Agreement, attached hereto as Exhibit "A"

78.     Pursuant to the Agreement, American Airlines agreed to indemnify, defend, and hold harmless Answering Defendant.

79.     Pursuant to Section 14.02 of the Agreement:

14.02 Indemnification

A. General. To the fullest extent provided by the law, Airline shall indemnify, defend and hold harmless City, its officials, agents, employees, representatives, successors and assigns (the "Indemnified Parties") from and against all liability for claims, suits, causes of action, liabilities, losses, costs and expenses (including reasonable attorneys fees), for which the indemnified Parties may be held liable by reason of injury (including death) to any person (including Airline's employees) or damage to any property whatsoever kind or nature except to the extent caused by City's sold negligence or willful misconduct of every land relating to or arising in connection with:

1. Any act or negligent omission of Airline, its agents, directors, officers, employees, contractors or sublesses arising out of or in any manner connected with the Total Airline Leased Premises (including, but not limited to, Airline's use or occupancy of Total Airline Leased Premises, Ingress or egress to Total Airline Leased Premises, access or use of parking lots, walkways or common areas and any alterations or work done in or about the Total Airline Leased Premises by the Airline or on the Airline's behalf,

Case ID: 210802475

2.  Any breach, violation or nonperformance of any covenant, term or condition of this Agreement to be performed or observed by Airline, or of any restrictions of record or of any applicable laws, ordinances, statues, rules, codes or regulations, affecting the Total Airline Leased Space, Proprietary Equipment (unless such Proprietary Equipment was purchased or constructed by City in contravention of such applicable laws and/or regulations) or Airline Equipment, or any part of the Total Airline Leased Space, Proprietary Equipment or Airline Equipment, or the ownership, occupancy or use thereof

3.  Any encroachment of improvements made by Airline upon property adjoining the Total Airline Leased Premises.

The indemnification contained in this Section 14.02 applies to this Section 14.02 only. Said indemnification does not apply to City-maintained equipment or property, ***unless caused by Airline's negligence***.

(Exhibit "A" at page 93) (emphasis added)

80.     The passenger loading bridge at Gate A18 at the Philadelphia International Airport was City-maintained equipment or property at all times material to Plaintiffs' Amended Complaint.

81.     Plaintiff's Amended Complaint alleges that Defendant American Airlines was negligent in its operation of the subject passenger loading bridge.

82.     Accordingly, the above-referenced indemnification provisions are triggered in this case.

83.     American Airlines is therefore obligated to indemnify, defend and hold harmless the Answering Defendant from and against Plaintiffs claims, which are strictly denied.

84.     Moreover, since Plaintiffs claims fall within the ambit of Section 14.02 subpart A of the Agreement, the Agreement further obligates American Airlines to assume the defense of the Answering Defendants in this action according to Subpart B:

**Defense of Proceedings**. In case any action or proceeding is brought against City by reason of any matter referred to in this Article 14 or any other Article herein to defend City, Airline, upon written notice from City (which shall be promptly given), shall at Airline's sole cost and expense, resist or defend such action or

proceeding by counsel approved by City in writing (which approval shall not be unreasonably withheld), provided that no approval of counsel shall be required in each instance where the action or proceeding is resisted or defended by counsel of an insurance carrier obligated to resist or defend such action of proceeding, and further provided that City may engage at its own expense its own counsel to participate in the defense of any such action.

(See Exhibit "A" at 14.02)

85.     Also, the Agreement provides that American Airlines shall, at its sole cost and expense, obtain and maintain in full force and effect, inter alia, General Liability Insurance/Aviation Liability Insurance, which "shall be issued in the name of the Airline and shall name City, its respective officers, employees, agents, successors and assignees any and other parties in interest from time to time designated in writing by notice from City to Airline as additional insureds to the extent covered and indemnified herein." (See Exhibit "A" at 14.02.)

86.     Further, "[t]he coverage offered to the additional insureds shall be primary coverage to any coverage maintained by the additional insureds and shall not permit or require such other coverage to contribute to the payment of any loss."

87.     To date, American Airlines has failed to fulfill its defense and indemnification obligations to Answering Defendant in breach of its contract pursuant to the Agreement, resulting in costs, expenses, and damages to the Answering Defendant.

88.     To date, American Airlines' insurance carrier(s) have failed to fulfill their defense and indemnification obligations to Answering Defendant, leaving American Airlines in breach of its contractual obligations, resulting in costs, expenses, and damages to the Answering Defendants.

89.     In the event American Airlines failed to procure any insurance, the proper insurance, or failed to name the Answering Defendant properly as an additional insured, American Airlines is required to stand in the shoes of the insurance carrier and defend and indemnify Answering Defendant.

90.     Defendant American Airlines is in breach of the Agreement by failing, under the terms of the Agreement, including but not limited to the terms described above, to defend, hold harmless, indemnify, and insure Answering Defendant, resulting in damages which continue to accrue.

**WHEREFORE,** Defendant, the City of Philadelphia, denies any and all liability to Plaintiffs and demands judgment in its favor and against Defendant, American Airlines, Inc., together with costs, interest, attorney's fees and such other relief as awarded by the Court.

## CROSS CLAIMS FOR BREACH OF CONTRACT AND CONTRACTUAL INDEMNITY DEFENDANT, CITY OF PHILADELPHIA v. JBT CORPORATION

91.     Answering Defendant incorporates all preceding paragraphs as though set forth at length herein.

92.     For purposes of this Cross Claim only, Answering Defendant incorporates the allegations of Plaintiffs' Amended Complaint, which, are strictly denied, against JBT.

93.     On or about August 1, 2018, JBT entered into an Equipment Maintenance & Operations Services Agreement (the "EMOS Agreement") with Philadelphia Terminal & Equipment Company, LLC in which JBT agreed to provide corrective and preventive maintenance services for the baggage handling systems at the Philadelphia International Airport.  See EMOS Agreement, attached hereto as Exhibit "B".

94.     Pursuant to Section 4.01 of the EMOS Agreement, JBT agreed to defend, indemnify, and hold harmless the City of Philadelphia, and other indemnitees:

> [JBT] covenants and agrees to defend, indemnify, keep, save and hold harmless fully PhiliTEC, the PhiliTEC Member Airlines, the PhiliTEC Consortium Manager, City of Philadelphia, Pennsylvania Department of Commerce, Division of Aviation, and each of their respective officials, agents and employees, against any and all claims, causes of action, suits, judgments, losses, obligations, costs and expenses, including legal fees and expenses arising out of or in connection with Contractor's use of the PhiliTEC Equipment or the performance of Services except

to the extent arising from the negligent act or omission of PhiliTEC, The PhiliTEC Member Airlines, the PhiliTEC Consortium Manager, City of Philadelphia, Pennsylvania Department of Commerce, Division of Aviation, and each of their respective agents, officials, and employees. Such obligations will not be construed to negate, abridge, or otherwise reduce or limit any other right or obligation of indemnity against anyone for whose acts the [JBT] may be liable.

(See Exhibit "B" at Ex. A, § 4.01.)

95.     Also, Section 4.03 and Exhibit C of the EMOS Agreement required JBT to obtain insurance coverage naming the City of Philadelphia and each of their respective agents and employees as additional insured parties.  (See Exhibit "B" at § 4.03, Exhibit C.)

96.     Per the terms of the EMOS Agreement, such insurance shall include:

A commercial general liability insurance policy for equipment, premises operations, products/completed operations, bodily injury, broad form property damage, contractual liability, in minimum limits, unless otherwise specified, of with limits of not less than $25,000,000 per occurrence, for claims for bodily injury, death, property damage liability, and personal injury.

(See Exhibit "B" at Exhibit C at ¶ (1))

97.     The aforesaid policies were to be primary without right of contribution of any other insurance carried by the City. (See Exhibit "B" at Exhibit C at ¶ (3))

98.     Section 4.03 of the EMOS Agreement provides that: "the obligation to maintain insurance is a material term of this Agreement. Failure to carry or keep such insurance in force will constitute a default under this Agreement." (See Exhibit "B" at § 4)

99.     JBT is contractually obligated to defend, hold harmless, and indemnify the City of Philadelphia in accordance with the EMOS Agreement.

100.    The failure of JBT to defend, indemnify and hold City of Philadelphia harmless is a breach of the EMOS Agreement.

101.    Additionally, the failure of JBT to name the City of Philadelphia as an additional insured on a Commercial General Liability insurance policy with minimum coverage of $25,000,000 per occurrence is a material breach of the EMOS Agreement.

102.    To date, JBT has failed to fulfill its defense and indemnification obligations to Answering Defendant in breach of its contract pursuant to the EMOS Agreement, resulting in costs, expenses, and damages to the Answering Defendant.

103.    To date, JBT's insurance carrier(s) have failed to fulfill their defense and indemnification obligations to Answering Defendant, leaving JBT in breach of its contractual obligations, resulting in costs, expenses, and damages to the Answering Defendants.

104.    In the event JBT failed to procure any insurance, the proper insurance, or failed to name the Answering Defendant properly as an additional insured, JBT is required to stand in the shoes of the insurance carrier and defend and indemnify Answering Defendant.

105.    Defendant JBT is in breach of the EMOS Agreement by failing, under the terms of the EMOS Agreement, including but not limited to the terms described above, to defend, hold harmless, indemnify, and insure Answering Defendant, resulting in damages which continue to accrue.

**WHEREFORE**, Defendant, the City of Philadelphia, denies any and all liability to Plaintiffs and demands judgment in its favor and against Defendant, JBT Corporation, together with costs, interest, attorney's fees and such other relief as awarded by the Court.

FOWLER HIRTZEL MCNULTY & SPAULDING, LLP

Dated: April 22, 2022          By: _____

DAMIAN M. TARANTO, ESQ.
SAMUEL A. GARSON, ESQ.
Attorneys for Defendant, City of Philadelphia

**<u>VERIFICATION</u>**

I, Rubi Urroz, on behalf of Defendant, City of Philadelphia, in this action verify the factual statements and denials of factual statements made in the foregoing Answer to Plaintiffs' Amended Complaint with New Matter and Crossclaims, are true and correct to the best of my knowledge, or information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18. Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

*Rubi Urroz*  4/22/2022

Rubi Urroz, on behalf of
The City of Philadelphi

*Mannino v. City of Philadelphia, et al.*
NO. 210802475

Case ID: 210802475

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**
BY: DAMIAN M. TARANTO, ESQUIRE
I.D. #200194
E-MAIL: DTARANTO@FHMSLAW.COM
BY: SAMUEL A. GARSON, ESQUIRE
I.D. #:324340
E-MAIL: SGARSON@FHMSLAW.COM
1717 ARCH STREET, SUITE 1310
PHILADELPHIA, PA  19103
215-789-4848

ATTORNEYS FOR DEFENDANT, CITY
OF PHILADELPHIA


Filed and Attested by the
Office of Judicial Records
18 MAY 2022 02:37 pm
A. STAMATO

| RENATO MANNINO AND LISA MANNINO, h/w | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL ACTION – LAW |
|---|---|
| Plaintiffs, | AUGUST TERM, 2021 |
| v. | NO.: 210802475 |
| CITY OF PHILADELPHIA, AMERICAN AIRLINES GROUP, INC., AND JBT CORPORATION, | |
| Defendants. | |

## STIPULATION TO DISMISS DEFENDANT, CITY OF PHILADELPHIA

It is hereby **STIPULATED** and **AGREED** among the parties that all claims and

crossclaims by and against Defendant, City of Philadelphia are hereby **DISMISSED** in the above

captioned matter.

It is further agreed that this stipulation may be executed in counterparts.

**FOWLER, HIRTZEL, MCNULTY &
SPAULDING, LLP**

**LOWENTHAL & ABRAMS, P.C.**

_____
**DAMIAN M. TARANTO, ESQ.
SAMUEL A. GARSON, ESQ.
ATTORNEYS FOR DEFENDANT,
CITY OF PHILADELPHIA**

_____
**DENNIS M. ABRAMS, ESQ.
ATTORNEYS FOR PLAINTIFFS,
RENATO MANNINO AND
LISA MANNINO, H/W**

**SALMON, RICHEZZA, SINGER &
TURCHI LLP**

**MORGAN & AKINS, PLLC**

/s/ Zachary J. Ballard

_____

_____

**ZACHARY J. BALLARD, ESQ.
ATTORNEYS DEFENDANT,
JOHN BEAN TECHNOLOGIES
CORPORATION**

**NATHAN R. BOHLANDER, ESQ.
ATTORNEYS FOR DEFENDANT,
AMERICAN AIRLINES, INC.**

Case ID: 210802475

| | |
|---|---|
| **FOWLER HIRTZEL MCNULTY & SPAULDING, LLP** | ATTORNEYS FOR DEFENDANT, CITY OF PHILADELPHIA |
| BY: DAMIAN M. TARANTO, ESQUIRE I.D. #200194 E-MAIL: DTARANTO@FHMSLAW.COM BY: SAMUEL A. GARSON, ESQUIRE I.D. #:324340 E-MAIL: SGARSON@FHMSLAW.COM 1717 ARCH STREET, SUITE 1310 PHILADELPHIA, PA  19103 215-789-4848 | |

| | |
|---|---|
| RENATO MANNINO AND LISA MANNINO, h/w | IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL ACTION – LAW |
|         Plaintiffs, v. | AUGUST TERM, 2021 |
| CITY OF PHILADELPHIA, AMERICAN AIRLINES GROUP, INC., AND JBT CORPORATION, | NO.: 210802475 |
|         Defendants. | |

## STIPULATION TO DISMISS DEFENDANT, CITY OF PHILADELPHIA

It is hereby **STIPULATED** and **AGREED** among the parties that all claims and crossclaims by and against Defendant, City of Philadelphia are hereby **DISMISSED** in the above captioned matter.

It is further agreed that this stipulation may be executed in counterparts.

| | |
|---|---|
| **FOWLER, HIRTZEL, MCNULTY & SPAULDING, LLP** | **LOWENTHAL & ABRAMS, P.C.** |
| _____ | _____ |
| **DAMIAN M. TARANTO, ESQ. SAMUEL A. GARSON, ESQ. ATTORNEYS FOR DEFENDANT, CITY OF PHILADELPHIA** | **DENNIS M. ABRAMS, ESQ. ATTORNEYS FOR PLAINTIFFS, RENATO MANNINO AND LISA MANNINO, H/W** |

Case ID: 210802475

SALMON, RICHEZZA, SINGER &
TURCHI LLP

MORGAN & AKINS, PLLC

_____
ZACHARY J. BALLARD, ESQ.
ATTORNEYS DEFENDANT,
JOHN BEAN TECHNOLOGIES
CORPORATION

_____
NATHAN R. BOHLANDER, ESQ.
ATTORNEYS FOR DEFENDANT,
AMERICAN AIRLINES, INC.